IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CYBIL FISHER,

               Petitioner

   v.

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE, and
JEFFREY HENCKE, SPECIAL AGENT,

               Respondents,

ORDER

13-mc-13-slc

---

On July 12, 2013, petitioner Cybil Fisher, proceeding pro se, filed a motion to quash an administrative summons served by the Internal Revenue Service on "Washington Mutual" in Madison, Wisconsin, seeking financial and credit card records relating the Fisher. The summons was dated June 20, 2013 and the return date was set for July 18, 2013 in Green Bay. *See* dkt. 1-1. Fisher filed similar motions to quash such IRS summonses directed to third parties in at least eight other judicial districts, including the Eastern District of Wisconsin, then sought to transfer this case to the Eastern District (*see* dkt. 8) as well as all her other cases by seeking a consolidation order from the Judicial Panel on Multidistrict Litigation; Fisher requested a stay of this court's proceedings pending a consolidation decision (*see* dkt. 13). The respondents have moved to dismiss the petition filed in this court (*see* dkt. 2).

On October 7, 2013, the court in the Eastern District of Wisconsin dismissed Fisher's petition. *See Fisher v. United States, et al.,* 13-cv-776-WCG, dkt. 10. Accordingly, I am denying Fisher's motion to transfer, dkt 8, as moot. Although this court did not receive a copy of the order entered by the JPMDL, I have learned that on December 13, 2013, the Panel denied Fisher's motion for transfer. *See In Re: Cybil Fisher Litigation*, MDL NO. 2488, dkt. 11. Accordingly, I also am denying Fisher's motion to stay (dkt. 13) as moot.

This leaves the government's motion to dismiss, dkt. 2. The government claims that Fisher's petition is barred by the doctrine of sovereign immunity insofar as Fisher failed to file her petition within the statutorily-created deadline, thus depriving this court of subject matter jurisdiction. In its brief, dkt. 3, the government notes that pursuant to 26 U.S.C. § 7609(b)(2)(A), the United States carved out a limited waiver of its sovereign immunity by allowing any person who is entitled to receive notice of the IRS summons to begin a proceeding to quash the summons not later than the 20th day after the day such notice was given. IRS Special Agent Jeffrey Hencke has submitted a sworn declaration in which he avers that on June 20, 2013, the same day he sent the summons to Washington Mutual, he sent a notice of this summons to Cybil Fisher by certified mail, as required by § 7609(a)(1). Agent Hencke attached to his declaration a photocopy of this certified mailing to Fisher. *See* dkt. 3-1. The twentieth day after June 20, 2013, was July 10, 2013. Fisher missed her filing deadline in this court by two days.

Not so fast, argues Fisher: she put her petition to quash in the mail on July 10, 2013, and pursuant to F.R.Civ. Pro. 6(d), service is generally considered complete at the time of mailing; further Rule 6(d) adds three days to her 20-day deadline because the notice was served on her by mail. *See* dkt. 11. However, as the government points out in its reply, *see* dkt. 12, in this circumstance, where jurisdiction is based on the government's waiver of its sovereign immunity Fisher is not entitled to the three extra days she claims. "The case law is clear that a petition that is filed more than twenty days after the mailing of the summons by the (IRS must be dismissed for lack of jurisdiction." *Sarnowski v. United States*, 2005 WL 4715656 at *2 (E.D. Va. 2002*); see also Faber v. United States,* 921 F.2d 1118, 1119 (10th Cir. 1990)(§7609 must be construed strictly and the plain language of the statute says motions to be quash must be filed within twenty days of notice being mailed); *Stringer v. United States*, 776 F.2d 274, 275 (11th Cir. 1985)(deadline to challenge is 20 days after the

notice is mailed, period); *Berman v. United States*, 264 F.3d 16, 19 (1st Cir. 2001)(Rule 6(e)'s 3-day mailbox rule does not extend the 20-day limit of § 7609). The bottom line is that Fisher missed the twenty day deadline. Therefore, her petition to quash is untimely and this court has no jurisdiction over it.

ORDER

It is ORDERED that:

(1) The government's motion to dismiss (dkt. 2) is GRANTED; and

(2) Petitioner Cybil Fisher's motion to quash the summons (dkt. 1), motion to transfer (dkt. 8), and motion to stay (dkt. 13) all are DENIED.

Entered this 5th day of February, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3